09-4896-cv
*John Wiley & Sons, Inc. v. Supap Kirtsaeng*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: May 19, 2010)                                          Decided: April 23, 2013)

Docket No. 09-4896-cv

_____

JOHN WILEY & SONS, INC.,

*Plaintiff-Appellee*,

v.

SUPAP KIRTSAENG, doing business as BLUECHRISTINE99,

*Defendant-Appellant*.

_____

Before: CABRANES and KATZMANN, *Circuit Judges*, and MURTHA, *District Judge*.[*]

This case returns to us on remand from the Supreme Court of the United States, which reversed our prior decision by holding that the "first sale" doctrine, *see* 17 U.S.C. § 109(a), provides a defense against a copyright infringement claim based on unauthorized resale "where, as here, copies are manufactured abroad with the permission of the copyright owner." *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1358 (2013). Based on this holding, we have nothing left to decide in this case. Kirtsaeng's liability was erroneously premised on the inapplicability of the first sale doctrine to

_____

[*] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

1

copyrighted works manufactured abroad. The judgment of the United States District Court for the Southern District of New York (Donald C. Pogue, Judge of the United States Court of International Trade, sitting by designation) is reversed and the cause is remanded for such further proceedings as may be appropriate prior to entry of final judgment.

William Dunnegan (Laura Scileppi, *on the brief*), Dunnegan LLC, New York, NY, *for plaintiff-appellee.*

Sam P. Israel, New York, NY, *for defendant-appellant.*

John T. Mitchell, Interaction Law, Washington, DC, *for amici curiae Entertainment Merchants Association and National Association of Recording Merchandisers.*

Norman H. Levin (Aaron J. Moss, *on the brief*), Greenberg Glusker Fields Claman & Machtinger LLP, Los Angeles, CA, *for amicus curiae Costco Wholesale Corporation.*

Charles A. Weiss, Kenyon & Kenyon LLP (Mark A. Abate, Goodwin Proctor LLP, *on the brief*), New York, NY, *for amicus curiae New York Intellectual Property Law Association.*

PER CURIAM:

This case returns to us on remand from the Supreme Court of the United States, which reversed our prior decision by holding that the "first sale" doctrine, *see* 17 U.S.C. § 109(a), provides a defense against a copyright infringement claim based on unauthorized resale "where, as here, copies are manufactured abroad with the permission of the copyright owner." *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S. Ct. 1351, 1358 (2013). We assume the parties' familiarity with the facts and procedural history of this case.

Based on the Supreme Court's holding, we have nothing left to decide. A jury found defendant-appellant Supap Kirtsaeng liable of copyright infringement based on his importation and

resale of copyrighted works manufactured abroad.[1] Kirtsaeng's liability was premised on the inapplicability of the first sale doctrine to copyrighted works manufactured abroad, even when (as here) the copyrighted works were manufactured and initially sold in accordance with the copyright laws of the United States.[2] The United States District Court for the Southern District of New York (Donald C. Pogue, Judge of the United States Court of International Trade, sitting by designation) denied Kirtsaeng's motion to instruct the jury regarding the applicability of the first sale defense.

In light of the Supreme Court's holding that the first sale doctrine *does* apply to such works, thus providing Kirtsaeng with a valid defense to copyright infringement, the District Court's judgment is **REVERSED**, and the cause is **REMANDED** for such further proceedings as may be appropriate prior to entry of final judgment.

---

[1] Plaintiff-appellee originally asserted trademark infringement and unfair competition claims, which were voluntarily dismissed with prejudice prior to trial. *See* Joint Pre-Trial Order, *John Wiley & Sons, Inc. v. Kirtsaeng*, 08 Civ. 7834 (DCP) (S.D.N.Y. Oct. 28, 2009), ECF No. 64, at 14 ("Pre-Trial Order").

[2] The parties' joint stipulation of facts prior to trial states, in relevant part, that the textbooks at issue "are only Wiley textbooks originally acquired from the foreign copyright owner" and "were manufactured in accordance with [United States copyright law] . . . . There is no claim here that these were counterfeit books." Pre-Trial Order at 11.